56 F.3d 71
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 H.K. CONCRETE, INC., a California corporation; HK Concrete
Company; Homer Knight, Plaintiffs-Appellants,
v.
METROPOLITAN TRANSPORTATION AUTHORITY, a public corporation,
et al., Defendants-Appellees.
 No. 94-56566.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 10, 1995,*
Decided May 12, 1995.
 
 1
 Before: HALL and LEAVY, Circuit Judges, and HOGAN,** District Judge.
 
 
 2
 MEMORANDUM***
 
 
 3
 Appellants H.K. Concrete, Inc., and Homer Knight appeal the district court's grant of summary judgment in favor of appellees Metropolitan Transportation Authority and Hector Rodriguez. We affirm.
 
 
 4
 Appellants first contend that "[m]aterial issues of fact precluded [the district court's] granting of summary judgment in favor of [appellees]." Opening Brief at 13. However, appellants never identify which of their claims they believe should have survived summary judgment. Even if we assume that appellants intended to include all of their claims in this assignment of error, they have failed to present any cognizable arguments in support of their attack on the district court's summary judgment. More devastatingly, they have failed even to identify exactly what genuine issues of fact they believe remained for trial. Cf. Fed. R. Civ. P. 56; Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 (1986). These unsupported assertions violate Fed. R. App. P. 28(a)(5), which states, in pertinent part, that "[t]he argument must contain the contentions of the appellant on the issues presented, and the reasons therefor, with citations to the authorities, statutes, and parts of the record relied on." Because appellants' briefs fail to meet these requirements, any claim they may have had regarding the propriety of summary judgment is waived. See United States v. Alonso, F.3d No. 94-10082, slip op. at 2465 (9th Cir. March 2, 1995).
 
 
 5
 We also conclude that the district court did not abuse its discretion in limiting appellants' discovery. See Smith v. Hughes Aircraft Co., 22 F.3d 1432, 1441 (9th Cir. 1994). Appellants have offered no basis upon which we could find reversible error.
 
 
 6
 In their final assignment of error, appellants claim that the district court erred by failing to exercise supplemental jurisdiction over their state law claims. However, as we read the record, the district court did exercise supplemental jurisdiction over appellants' state law claims; it merely dismissed them on state immunity grounds. See Findings of Fact and Conclusions of Law of October 31, 1994, at 8. Appellants have not raised on appeal the propriety of this aspect of the district court's ruling. We therefore do not address it.
 
 
 7
 The district court's summary judgment in favor of appellees is AFFIRMED and appellants' request for attorney's fees and costs on appeal is DENIED.
 
 
 
 *
 This panel unanimously agrees that this case is appropriate for submission without oral argument. Fed. R. App. P. 34(a); 9th Cir. R. 34-4
 
 
 **
 The Honorable Michael R. Hogan, Chief United States District Judge for the District of Oregon, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3